UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY BARGER, aka GARY FRANCIS FISHER, aka GARY DALE BARGER,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. MULLER, et al.,<br><br>Defendants. | Case No. 16-cv-05990-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 8, 10, 20 and 23 |

Plaintiff Sonny Barger, aka Gary Francis Fisher, aka Gary Dale Barger, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[1]

Barger was ordered to show cause why the action should not be dismissed under section 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] The action was transferred to this Court from the Eastern District.

granted, unless the prisoner is under imminent danger of serious physical injury." The order identified six prior federal court actions ("strikes") that appeared to count under section 1915(g); noted that Barger had been designated a three-strikes litigant in the National Three-Strikes Database; and informed him he could avoid dismissal by paying the filing fee by the deadline.

In response, Barger sent the Court twelve filings:  six letters, four motions or requests, a declaration, and one filing labelled as a response to the order to show cause.  In none of these filings does he dispute that the federal actions cited by the Court qualify as strikes for purposes of § 1915(g).[2]  Rather, he alleges he was under imminent danger of serious physical injury at the time of filing, which therefore qualifies him for the exception under section 1915(g).

The plaintiff has the burden of proving that he satisfies this exception to section 1915(g) by demonstrating that he is in imminent danger of serious physical injury.  The plain language of the imminent danger clause indicates that "imminent danger" is to be assessed at the time of the filing of the complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  The conditions that existed at some earlier or later time are not relevant.  *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the section 1915(g) analysis).

The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception."  *Id.* at 1055.  It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where

---

[2] In one letter, he asks the Court to "excuse those strikes" because they are "a harmless error."  (Dkt. No. 13 at 2.)  He provides no reasons establishing why they are harmless error, however.

2

plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger -- the standard adopted by the Eighth Circuit -- is the most sensible way to interpret the imminency requirement." *Andrews*, 493 F.3d at 1056 (internal quotation marks omitted).

Here, the question is whether Barger was in imminent danger on October 11, 2016, when he filed his complaint.³ The allegations fail to show that he was. In his complaint, plaintiff alleges that on November 27, 2013, several persons attempted to murder him at Pelican Bay State Prison.⁴ (Compl. at 3.) Because these alleged events occurred in 2013, three years before Barger filed suit in 2016, they do not and cannot show that Barger was in imminent danger at the time of filing.

The allegations in his response to the order to show cause are also insufficient. According to his filings, he is "crippled" and "confined to a wheelchair." The pain he suffers "is as imminent as it gets." (Response to Order to Show Cause, Dkt. No. 22, at 1.) He also alleges he suffers from a brain injury; ill-fitting false teeth that might lead to him choking on his food; and unrelated acts of past retaliation, mail tampering, discrimination, and delayed medical treatment from prison employees, acts that occurred at different times at different prisons. (*Id.* at 1-9.) While I have sympathy for plaintiff's alleged general and long-standing bad health and past unrelated acts of mistreatment, they do not show that he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception). Other courts have

---

³ The complaint was received and filed on October 11, 2016. Usually, the Court would not use this date as the filing date. Rather, it would use the date a plaintiff enters next to his signature on the complaint. This is not possible here because Barger put November 18th next to his signature. It is unlikely that Barger signed, dated, and mailed the complaint a month after the Court received it.

⁴ The accused persons are Robert S. Mueller, the former Director of the FBI; the warden of Pelican Bay; Pelican Bay's custodian of records; a facility captain; and "another from time to time." (Compl. at 3.)

3

found similar allegations raised by Barger insufficient to qualify under the imminent danger exception.  *See, e.g., Barger v. Kern County Superior Court*, No. 1:14-cv-01628 LJO DLB PC (E.D. Cal. 2014); *Barger v. Kern County Superior Court*, No. 1:14-cv-01667 LJO SAB PC (E.D. Cal. 2014); and *Barger v. Mueller*, No. 1:16-cv-00444 AWI SKO PC (E.D. Cal. 2016).

In sum, Barger has not shown any reason that the restrictions of section 1915(g) should not be imposed.  He failed to pay the filing fee; show that any of the strikes do not qualify under section 1915(g); show he qualifies for the imminent danger exception; and otherwise show cause why this action should not be dismissed.

Accordingly, Barger's IFP application (Dkt. Nos. 8 and 10) is DENIED.  This civil rights action is DISMISSED without prejudice to Barger bringing his claims in a new paid complaint.  The Order to Show Cause is DISCHARGED.

Barger's request for a hearing (Dkt. No. 20) and his motion to be heard (Dkt. No. 23) are DENIED as moot.

The Clerk shall terminate Dkt. Nos. 8, 10, 20 and 23, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  February 6, 2017

WILLIAM H. ORRICK
United States District Judge

4